UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BYRON K. COOK,

    Plaintiff,

v.                                  Case No. 15-cv-10117

AG TRUCKING INC. and KEVEN R. ROCKENBAUGH,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

Pending before the court is Plaintiff Byron Cook's Motion to Remand, filed on February 3, 2015. (Dkt. # 5.) Having reviewed the briefs, the court finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

Plaintiff, a Michigan resident, initiated this civil action on December 4, 2014, in Wayne County Circuit Court. Defendants subsequently removed the case to this court on January 12, 2015. Plaintiff's complaint asserts a claim of negligence against Defendant Rockenbaugh, an Indiana resident based on an automobile accident on Interstate 75 in Lincoln Park, Michigan on September 11, 2014. Plaintiff also seeks to recover from Rockenbaugh's employer, AG Trucking, Inc., an Indiana corporation with its principal place of business in Indiana, under a theory of respondeat superior.

A defendant or defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 42 U.S.C. § 1441(a). Federal district courts have "original jurisdiction of all civil actions where the

matter in controversy exceeds the value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States . . . ." 42 U.S.C. § 1332(a)(1).

Plaintiff argues that diversity is not complete because "Rockenbaugh caused the accident in Michigan and Defendant AG Tricking Inc. conducts business in the State of Michigan, as the accident occurred here in Michigan, and therefore the State Courts have jurisdiction over the matter."  Plaintiff is mistaken.  Plaintiff's argument conflates personal jurisdiction, which is not contested, with citizenship for the purpose of diversity. An individual's "citizenship for the purpose of diversity requirement is equated with domicile."  *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990).  A corporation is "deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]"  28 U.S.C. § 1332(c)(1).  The situs of the accident is irrelevant to the propriety of removal.  Because Defendants have made an uncontested showing that complete diversity exists and that the amount in controversy exceeds $75,000,

IT IS ORDERED that Plaintiff's Motion to Remand (Dkt. # 5) is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 27, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 27, 2015, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522